**Affirmed and Memorandum Opinion filed May 17, 2016.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-15-00325-CR

**TAMARA DANIELLE HINES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 23rd District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 72688**

# MEMORANDUM OPINION

Raising four issues, appellant Tamara Danielle Hines asserts ineffectiveness of her trial counsel in connection with her conviction for felony theft with two or more previous theft convictions. *See* Tex. Penal Code Ann. § 31.03(e)(4)(D) (West 2011). Appellant contends trial counsel failed to (1) object to testimony from one of the State's witnesses and request a spoliation instruction, (2) request an instruction on the burden of proof for extraneous offenses at the punishment phase of trial, and (3) investigate and present mitigating evidence during the

punishment phase of trial. Appellant also contends the cumulative effect of trial counsel's errors resulted in a constructive denial of her right to counsel. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 17, 2014, around 2:00 a.m., the store manager at Walmart received a tip that two females were acting suspiciously in the garden center of the store. The store manager went to the store's asset-protection office to view the security video feed for that area. He saw two females in the garden center "throwing merchandise under the fence."[1] On the live video feed, the store manager saw one woman, later identified as "Ms. King," hand merchandise to appellant, who then slid it under the fence. Store personnel notified the police.

Officer Tony Lucas, a patrol officer for the Pearland Police Department, responded with his partner, Officer R.D. Guajardo. Officer Lucas went inside to meet with the store manager while Officer Guajardo went around the outside perimeter of the store to find the merchandise. Officer Lucas and the store manager encountered the two women coming out of the garden center. Appellant and King followed Officer Lucas and the store manager back to the asset-protection office.

The store manager played the security video for Officer Lucas. The video showed appellant and King in the garden center opening up a canvas curtain. Appellant crawled through the canvas and King handed her merchandise out of their shopping cart. Once they had emptied the cart, appellant re-attached the curtain closure and the two exited the garden center.

---

[1] The merchandise included two calculators, nine types of computer software, an Eclipse pencil, an iPad screen protector, and an Eclipse PML. The merchandise's value totaled $1, 351.48, including tax.

2

The store manager told Officer Lucas he had to wait for an asset protection specialist to copy the security video the next day. Officer Lucas went on vacation the next day, and did not follow up on whether another officer picked up the copy of the security video. No police officer ever obtained a copy of the video.

Appellant was charged by indictment with state-jail-felony theft based on two or more previous theft convictions. *See* Tex. Penal Code Ann. § 31.03 (e)(4)(D) (West 2011). At trial, appellant stipulated to two prior theft convictions. The State called the store manager, Officer Lucas, and Officer Guajardo to testify. The store manager admitted he had a little trouble with his memory after being involved in two accidents where he hit his head. He did not completely lose his memory and was able to remember events after reviewing related material. The State gave the store manager his statement from the night of the incident to refresh his memory about the events that took place that night. The store manager testified as to the contents of the security video and identified appellant as one of the two women he saw that night. Officer Lucas also testified as to the contents of the video, and his account matched that of the store manager.

The jury found appellant guilty and assessed punishment at two years in state jail and a $10,000 fine. Appellant filed a timely notice of appeal.

## II. ISSUES AND ANALYSIS

In four issues, appellant complains that she received ineffective assistance of counsel. Both the United States Constitution and the Texas Constitution guarantee an accused the right to assistance of counsel. U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; Tex. Code Crim. Proc. Ann. art. 1.051 (West 2015). This right necessarily includes the right to reasonably effective assistance of counsel. *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Ex parte Gonzales,* 945 S.W.2d 830, 835 (Tex. Crim. App. 1997). To

prove ineffective assistance of counsel, appellant must show (1) counsel's representation fell below the objective standard of reasonableness, based on prevailing professional norms; and (2) there is a reasonable probability that the result of the proceeding would have been different but for trial counsel's deficient performance. *Strickland,* 466 U.S. at 688–92.

## A. Standard of Review

In assessing appellant's issues, we apply a strong presumption that trial counsel acted competently. *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). We presume counsel's actions and decisions were reasonably professional and were motivated by sound trial strategy. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). When, as in this case, there is no proper evidentiary record developed at a hearing on a motion for new trial, it is extremely difficult to show that trial counsel's performance was deficient. *See Bone v.* State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). If there is no hearing or if counsel does not appear at the hearing, an affidavit from trial counsel becomes almost vital to the success of an ineffective-assistance claim. *Stults v.* State, 23 S.W.3d 198, 209–09 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). The Court of Criminal Appeals has stated that it should be a rare case in which an appellate court finds ineffective assistance on a record that is silent as to counsel's trial strategy. *See Andrews v. State*, 159 S.W.3d 98, 103 (Tex. Crim. App. 2005). When, as in this case, the record is silent regarding trial counsel's strategy, this court can find ineffective assistance of counsel only if the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

## B. Failure to Object to Testimony

In her first issue, appellant contends that counsel was ineffective in failing to object to the store manager's testimony regarding the content of the security video, either through pre-trial motions or objections during the guilt/innocence phase. Appellant asserts that trial counsel should have objected under Texas Rule of Evidence 403. *See* Tex. R. Evid. 403. Appellant also contends trial counsel was ineffective in failing to request an instruction on spoliation of evidence. To argue successfully that her trial counsel's failure to assert an objection to the store manager's testimony amounted to ineffective assistance, appellant must show that the trial court would have committed error in overruling such an objection. *See Vaughn v. State*, 931 S.W.2d 564, 566 (Tex. Crim. App. 1996).

### 1. Rule 403

Appellant contends trial counsel should have objected to the store manager's testimony under Rule 403. Specifically, appellant argues the testimony was unreliable and more prejudicial than probative because the store manager testified he had problems with his memory after being involved in two accidents.

Rule 403, entitled "Excluding Relevant Evidence for Prejudice, Confusion, or Other Reasons," provides: "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." Tex. R. Evid. 403. The store manager's testimony regarding the surveillance video was relevant, clear, and purposeful. He saw the live feed of the video at the time of the theft, and watched the recorded video after the suspects were in custody. He wrote a statement regarding what he saw on the night of the incident and used that statement to refresh his memory. Nothing in the record indicates the store manager's testimony

was unfairly prejudicial, confusing, misleading, lengthy, or cumulative. The record shows the State's need for the evidence, and the tendency to suggest a decision on an improper basis is slight. The testimony was not confusing or distracting, and the presentation of testimony did not consume an inordinate amount of time. *See* Tex. R. Evid. 403; *Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006). Even if trial counsel had objected to the testimony under Rule 403, the trial court would not have committed error in overruling the objection. *See Vaughn*, 931 S.W.2d at 566.

The store manager's testimony was probative because it established the sequence of events that led to appellant's arrest. The record shows that the store manager testified about the contents of the surveillance video and Officer Lucas corroborated that testimony. Appellant cross-examined the store manager and elicited testimony concerning the contents of the surveillance video and the store manager's memory loss. The jury had all the relevant information concerning the surveillance video, and the jury was free to believe or disbelieve all or any part of the witness's testimony because of his memory loss. *See Cain v. State*, 958 S.W.2d 404, 409 (Tex. Crim. App. 1997). The store manager's memory loss goes to the weight of the evidence and not to its admissibility. *See Garza v. State*, 633 S.W.2d 508, 513 (Tex. Crim. App. 1981) (op. on reh'g). Accordingly, we could hardly conclude that counsel's failure to object to the store manager's testimony regarding the surveillance video was so outrageous that no competent attorney would have engaged in it.

### 2. *Spoliation*

Appellant also claims trial counsel was ineffective for failing to request a spoliation instruction. Specifically, appellant argues the State failed to take routine steps to preserve the security video as evidence. For the trial court to have

6

committed error in overruling a request by appellant for a spoliation instruction, there must have been evidence that the State acted in bad faith in failing to take steps to preserve the video. *See White v. State*, 125 S.W.3d 41, 43–44 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) (concluding that trial court did not err in denying appellant's request for spoliation instruction when appellant made no showing that the State acted in bad faith in failing to preserve potentially useful evidence). There is no evidence that the State engaged in bad-faith conduct. Therefore, trial counsel's failure to request a spoliation instruction was not so outrageous that no competent attorney would have engaged in it. *See Goodspeed*, 187 S.W.3d at 392; *White*, 125 S.W.3d at 43–44.

Having determined all of appellant's arguments relating to the store manager's testimony lack merit, we overrule appellant's first issue.

## C. Extraneous-Offense Instruction

In her second issue, appellant contends trial counsel was ineffective for failing to request a limiting instruction regarding extraneous offenses during the punishment phase of trial. Upon request by appellant, the trial court would have been required to instruct the jury as to the State's burden of proving appellant's extraneous offenses beyond a reasonable doubt. *See Mitchell v. State*, 931 S.W.2d 950, 954 (Tex. Crim. App. 1996).

Courts have stated that trial counsel may have decided not to request a reasonable-doubt instruction on extraneous offenses because the instruction would give greater credibility or emphasis to the offenses. *See Gholson v. State*, 5 S.W.3d 266, 273 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd) (opining counsel may not have pursued reasonable-doubt instruction on extraneous offense to avoid appearance of giving accusation more credibility than it deserved); *Pool v. State*, 974 S.W.2d 892, 903 (Tex. App.—Austin, 1998, pet. ref'd) (same). Trial

counsel's failure to request a reasonable-doubt instruction on extraneous offenses was not so outrageous that no competent attorney would have engaged in it. *See Goodspeed*, 187 S.W.3d at 392; *Gholson*, 5 S.W.3d at 273. Accordingly, we overrule appellant's second issue.

## D. Investigation and Presentation of Mitigating Evidence

In her third issue, appellant contends trial counsel was ineffective in failing to investigate and present mitigating evidence during the punishment phase of trial.[2] Specifically, appellant argues that her trial counsel's performance was deficient because trial counsel did not conduct a meaningful independent investigation into potential witnesses to testify on appellant's behalf. Though the record reflects that trial counsel did not present mitigating evidence during the punishment phase, the record does not reflect trial counsel's strategy in this regard, nor does the record show what investigation trial counsel conducted in this regard. We will not speculate on a silent record that trial counsel failed to investigate potential mitigating evidence; it is possible that trial counsel investigated potential mitigating evidence and could not find any or that trial counsel found some potential mitigating evidence and decided not to present it based on a reasonable trial strategy. *See Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003) (refusing to speculate about counsel's trial strategy and find deficient performance on a silent record based on counsel's failure to adduce additional evidence in support of appellant's sole defense and to prepare and investigate witnesses, among other things). Appellant has not shown that trial counsel's conduct as to the investigation and presentation of mitigating evidence for the

---

[2] Appellant also urges this court to recognize a heightened duty to remedy instances of deficient representation on direct appeal. Specifically, appellant requests this court to hold that trial counsel's alleged failure to investigate or present mitigating evidence constitutes per se ineffective assistance. Because we determine there is no evidence of deficient representation in this regard, we need not and do not address appellant's heightened-duty argument.

punishment phase was so outrageous that no competent attorney would have engaged in it. *See Goodspeed*, 187 S.W.3d at 392. Therefore, we overrule appellant's third issue.

## E. Cumulative-Error Argument

Finally, in appellant's fourth issue, she asserts the cumulative effect of trial counsel's allegedly ineffective actions resulted in the denial of appellant's right to counsel. Having found no error under the first three issues, we overrule appellant's fourth issue.

## III. CONCLUSION

Having overruled all of appellant's appellate issues, we affirm the judgment of the trial court.

/s/     Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Boyce and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).